IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 98-20694
Summary Calendar

THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY,

Plaintiff-Appellant,

versus

BEN W. "BUD" CHILDERS, AS FORT BEND COUNTY ATTORNEY; MARK MILLIS;
THE MILLIS GROUP, INC.; ROYAL LAKES LIMITED; MICHAEL D. ROZELL, BUD
O'SHIELES, GRADY PRESTAGE, ANDY MEYERS, BOB LUTTS, INDIVIDUALLY AND
AS COUNTY COMMISSIONERS OF FORT BEND COUNTY,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(H-98-CV-653)

August 9, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Burlington Northern and Santa Fe Railroad Company ("BNSF")
appeals the district court's dismissal of its "as applied"
challenge to the Texas Neighborhood Roads Statute and its federal
takings, Commerce Clause, procedural due process, state takings,
and inverse condemnation claims for lack of jurisdiction, as well
as the district court's denial of its request for a preliminary
injunction. Appellees have filed a motion to dismiss the appeal as
moot. We affirm, essentially for the reasons stated in the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court opinion, the trial court's denial of a preliminary injunction based on the claims it found to be ripe that are not now moot. Furthermore, we vacate the district court's dismissal of claims that it found were not ripe and remand to the district court to make a new determination on whether injunctive relief is warranted, based on BNSF's claims previously held not to be ripe, now that the ripeness concerns with the Neighborhood Roads Statute proceedings are no longer an issue.

I

BNSF owns and operates a mainline track and a passing track that run parallel to FM Road 2759 and FM Road 720 in Fort Bend County, Texas. The passing track facilitates "meets" and "passes" of trains on the mainline track.

In late 1997, Fort Bend County initiated proceedings pursuant to Texas's Neighborhood Roads Statute to open a public grade crossing that would bisect the parallel tracks and provide access to a development, which was previously served by a private crossing. The Neighborhood Roads Statute mandates a public hearing in which the county commissioners court hears evidence from parties that would be affected by the proposed road. *See* TEX. TRANSP. CODE ANN. § 251.053. The commissioners court then determines whether an order should issue declaring the establishment of a new road. *See id.* Then, if a new road is ordered, a jury of property owners assesses damages incident to the opening of the road to be paid to the property owners affected. *See id.*

2

In this case, the county commissioners court ordered that a road be established across BNSF's parallel tracks, despite BNSF's contentions that (1) the opening of a public crossing would trigger federal and state laws requiring BNSF to uncouple and separate long train units occupying the sidetrack for more than five minutes, and (2) a feasible alternative crossing was available. Pursuant to the Neighborhood Roads Statute, the commissioners selected a "jury of view" to lay out the exact location of the proposed road and to assess damages incidental to the opening of the road as a public road.

II

BNSF then filed suit in federal district court against various officials of Fort Bend County and the real estate developers (collectively, "the officials"), alleging violations of the Commerce Clause, the Due Process Clause, and the Takings Clause of the United States Constitution, via 42 U.S.C. § 1983, and violations of the federal doctrine of "prior public use." BNSF also brought state-law causes of action for inverse condemnation, violations of the Texas Constitution's Takings Clause, civil conspiracy, violations of the Texas Open Meetings Act, and violations of the Texas doctrine of "paramount importance." BNSF further claimed that the officials acted without authorization from the Surface Transportation Board and that Texas's Neighborhood Roads Statute violates both the state and federal constitutions.

BNSF then filed a motion for a preliminary injunction which requested that the district court (1) enjoin further proceedings

pursuant to the Neighborhood Roads Statute; (2) enjoin the officials from interfering in any way with the BNSF's property rights in the passing track area; and (3) enjoin the officials from interfering in any way with BNSF's constitutional right to operate trains in interstate commerce. In response, the officials filed a motion to dismiss for want of subject matter jurisdiction.

The district court considered together BNSF's motion for injunctive relief and the officials' motion to dismiss. The court dismissed BNSF's "as applied" challenge to the Neighborhood Roads Statute and the federal takings, procedural due process, Commerce Clause, state takings, and inverse condemnation claims on the grounds that they were not ripe for consideration. The court reasoned that Fort Bend County had not reached a final decision regarding the proposed public crossing because all of the steps of the Neighborhood Roads Statute had not been completed; as a result, there had been no taking, so those claims were not yet ripe. The court found BNSF's remaining claims -- BNSF's facial challenge to the Neighborhood Roads Statute, the ICC Termination Act preemption claim, the Texas Open Meetings claim, the conspiracy claim, and the claim of taking for a private purpose -- to be ripe, so it considered the motion for preliminary injunction based on those claims. After careful analysis, the court determined that BNSF failed to meet the burden entitling it to a preliminary injunction based on the ripe claims.

III

4

After BNSF filed its appeal, the officials filed a motion to dismiss the appeal as moot because they subsequently had abandoned the Neighborhood Roads Statute proceedings and initiated eminent domain proceedings to secure the crossing. That is, the officials argue that this appeal is moot because the proceedings under the Neighborhood Roads Statute which BNSF sought to enjoin have stopped. BNSF counters that in the court below it sought more than just to have the Neighborhood Roads Statute proceedings enjoined; it sought to enjoin the establishment, by whatever means, of the public crossing, and that this fight is still alive. Furthermore, argues BNSF, the officials have abandoned only the compensation portion of the Neighborhood Roads Statute proceeding, but the commission's order establishing the road remains in effect. BNSF seeks to have this court reject the officials' motion to dismiss the appeal and to have this court decide on appeal that their claim is ripe for consideration and that a preliminary injunction should issue because they have demonstrated a substantial likelihood of success in proving that the proposed road is illegal and unconstitutional, irreparable harm will result if an injunction does not issue, and a balancing of equities favors BNSF.

IV

The district court did not consider the merits of granting a preliminary injunction based on several of BNSF's contentions because it determined that those claims were not ripe for consideration. However, due to the officials' abandonment of the Neighborhood Roads Statute proceeding, the district court's

5

ripeness concerns regarding the Neighborhood Roads Statute are no longer an issue. Nonetheless, there is no district court disposition addressing whether a preliminary injunction should issue, based on the claims that the district court found were not ripe, for this court to review. Thus, we vacate the district court's dismissal of claims on ripeness grounds and remand to the district court to make a new determination on whether injunctive relief is warranted, based on BNSF's claims previously held not to be ripe, now that the ripeness concerns with the Neighborhood Roads Statute proceedings are no longer an issue. We recognize that the district court will not have to consider all of BNSF's dismissed claims because some of those claims have been mooted by the abandonment of the Neighborhood Roads Statute proceeding.

Regarding the trial court's denial of a preliminary injunction based on claims that the trial court found to be ripe for consideration -- BNSF's facial challenge to the Neighborhood Roads Statute, the ICC Termination Act preemption claim, the Texas Open Meetings claim, the conspiracy claim, and the claim for taking for a private purpose -- we affirm, essentially for the reasons stated in the district court opinion, the trial court's denial of the preliminary injunction based on the ICC Termination Act preemption claim, the conspiracy claim, and the claim for taking for a private purpose; we do not pass judgment on the other two claims found to be ripe -- the facial challenge to the Neighborhood Roads Statute and the Texas Open Meetings claim -- because those claims are now moot.

VACATED IN PART, AFFIRMED IN PART, AND REMANDED IN PART.